UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA PARK LP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHANEL MOSES, et al.<br><br>　　　　Defendants. | No. 2:24-cv-03457-DC-JDP (PS)<br><br>ORDER *SUA SPONTE* REMANDING ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT |

This is an unlawful detainer action under California law originally filed in the Sacramento County Superior Court by Plaintiff Sierra Park LP against Defendants Chanel Moses, Herbert Moses, and Tade Ajayi. (Doc. No. 1.) On December 13, 2024, Defendant Chanel Moses, proceeding *pro se*, removed this case to this federal court. (*Id.*)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts and the burden of establishing jurisdiction rests with the party asserting it. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039,

1

1042 (9th Cir. 2009). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).

Defendant Chanel Moses' notice of removal asserts the court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at 2.) Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). But here, the complaint was filed as a limited civil case and does not allege damages in excess of $75,000. (Doc. No. 1 at 5.) Instead, the caption of the complaint expressly states that the amount demanded does not exceed $10,000. (*Id.*); *see* 28 U.S.C. § 1446(c)(2) (providing the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . .").

"A defendant 'bears the burden of actually proving the facts to support jurisdiction including the jurisdictional amount.'" *Fed. Home Loan Mortg. Corp. v. Herrera*, No. 12-cv-00403-LJO-MJS, 2012 WL 948412, at *2 (E.D. Cal. Mar. 20, 2012) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir.1996)). Here, Defendant Chanel Moses does not establish that the amount in controversy exceeds $75,000 and failed to submit any evidence to meet her burden. (*See* Doc. No. 1.) As such, Defendant Chanel Moses has not established the amount in controversy jurisdictional minimum required for purposes of diversity jurisdiction.

Thus, because the court lacks subject matter jurisdiction, remand of this matter to the Sacramento County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c).

/////
/////
/////
/////
/////
/////
/////
/////

For the reasons explained above,

1. This action is REMANDED to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

2. The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:  __**February 18, 2025**__                    _____
                                                                  Dena Coggins
                                                                  United States District Judge

3